**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>)    Civil Action No. 22-cv-10794 |
| v. | )<br>)    JURY TRIAL DEMANDED |
| ZIXIAO ("GARY") WANG, | )<br>)<br>) |
| Defendant. | )<br>) |

**[PROPOSED] JUDGMENT AS TO DEFENDANT ZIXIAO ("GARY") WANG**

The Securities and Exchange Commission having filed a Complaint and Defendant

Zixiao ("Gary") Wang having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Judgment; waived

findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    (i)      to employ any device, scheme, or artifice to defraud;

    (ii)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (iii)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (i)       to employ any device, scheme, or artifice to defraud;

    (ii)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (iii)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is hereby prohibited, for a duration to be determined by the Court upon motion of the Commission, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in connection with the Commission's motion regarding the duration of such relief, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is hereby

restrained and enjoined, for a duration to be determined by the Court upon motion of the

Commission, from directly or indirectly, including, but not limited to, through any entity owned

or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security,

including any crypto asset security, provided, however, that such injunction shall not prevent

Defendant from purchasing or selling securities, including crypto asset securities, for his own

personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in connection with

the Commission's motion regarding the duration of such relief, and at any hearing held on such a

motion:  (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon motion of the

Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-

gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C.

§ 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the

amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall

pay prejudgment interest thereon, calculated from May 1, 2019, based on the rate of interest used

by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26

U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil

penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from

arguing that he did not violate the federal securities laws as alleged in the Complaint; (b)

Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the

purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true

by the Court; and (d) the Court may determine the issues raised in the motion on the basis of

affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated: _____, _____


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                     )

SECURITIES AND                )
EXCHANGE COMMISSION,    )
                                      )
               Plaintiff,       )      Civil Action No. _____
                                      )
     v.                         )
                                      )
ZIXIAO ("GARY") WANG,      )
                                      )
               Defendant.   )
_____)

**CONSENT OF DEFENDANT ZIXIAO ("GARY") WANG**

1.      Defendant Zixiao ("Gary") Wang ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has entered into a written agreement to plead guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in _United States v. Wang_, Crim. No. S1 22-cr-673 (RA) (S.D.N.Y. 2022), Defendant agreed to plead guilty to violations of Title 18, United States Code, Sections 2, 371, 1343, and 1349.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in _United States v. Wang._

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

      a.   permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and

1

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

b.  bars Defendant, for a duration to be determined by the Court upon motion of the Commission, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

c.  restrains and enjoins Defendant, for a duration to be determined by the Court upon motion of the Commission, from participating, directly or indirectly, including, but not limited to, through any entity controlled by him, in the issuance, purchase, offer, or sale of any securities, including crypto asset securities, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities, including crypto asset securities, for his own personal account.

4.      Defendant further agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.  Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from May 1, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

5.      Defendant further agrees that in connection with any motion of the Commission made in connection with the relief described in Paragraphs 3(b), 3(c), and 4, and at any hearing held on any such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

4

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the plea agreement for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in

this paragraph affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant:  (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

22.    Defendant agrees that the Commission may present the Judgment to the Court for

6

signature and entry without further notice.

23.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.


Dated: 12/19/22 _____        _____
                                       Zixiao ("Gary") Wang


      On ___DECEMBER 19_____, 2022, _____, a person
known to me, personally appeared before me and acknowledged executing the foregoing
Consent.

                                       _____
                                       Notary Public
                                       Commission expires:


Approved as to form:

_____
Ilan T. Graff
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
212-859-8000
Attorney for Defendant

CHRISTOPHER GERARD MCSHEA
NOTARY PUBLIC-STATE OF NEW YORK
No 01MC6240723
Qualified in Kings County
My Commission Expires May 09, 2023

7