**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-cv-10794 |
| | ) | |
| v. | ) | |
| | ) | |
| ZIXIAO ("GARY")WANG | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ZIXIAO ("GARY") WANG**

The Securities and Exchange Commission having filed a Complaint and Defendant

Zixiao ("Gary") Wang ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Final Judgment; waived findings of fact and conclusions of law; and waived any right to

appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(i)      to employ any device, scheme, or artifice to defraud;

(ii)     to make any untrue statement of a material fact or to omit to state a material fact

          necessary in order to make the statements made, in the light of the circumstances

          under which they were made, not misleading; or

(iii)    to engage in any act, practice, or course of business which operates or would

          operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(i)      to employ any device, scheme, or artifice to defraud;

(ii)     to obtain money or property by means of any untrue statement of a material fact

          or any omission of a material fact necessary in order to make the statements

          made, in light of the circumstances under which they were made, not misleading;

          or;

(iii)    to engage in any transaction, practice, or course of business which operates or

          would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited for 8 years from the date of entry of the initial judgment in this matter from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)((1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is restrained and enjoined for 5 years from the date of entry of the initial judgment in this matter from participating directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, in the

issuance, purchase, offer, or sale of any securities, provided, however, that such injunction shall

not prevent Defendant from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated:  _____, _____


_____
UNITED STATES DISTRICT JUDGE